UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER:

MARLO JANE HAWLEY,

    Plaintiff,

vs.

COMPSON ASSOCIATES, INC.
a Florida profit corporation,
CARL E. KLEPPER, JR.
and ROBERT J. D'ANGELO,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARLO JANE HAWLEY ("HAWLEY"), by and through her undersigned attorney, files this, her Complaint against Defendants, COMPSON ASSOCIATES, INC., a Florida profit corporation, ("COMPSON"), CARL E. KLEPPER, JR. ("KLEPPER"), and ROBERT J. D'ANGELO, ("D'ANGELO") hereinafter collectively referred to as "Defendants" and state as follows:

## JURISDICTION

1. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid overtime wages, unpaid reimbursable costs and, an additional equal amount in liquidated damages; to obtain declaratory relief; and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §2l6(b) and 28 U.S.C. §§ 2201-2202.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

3. The jurisdiction of this Court over this controversy is also based upon the following:

   a) The unlawful employment practices alleged below occurred and/or were committed within Palm Beach County, Florida; and

   b) Defendant, COMPSON, was and continues to be a Florida profit corporation, with its principal place of business in Boca Raton, Florida, doing business within this jurisdictional district.

## PARTIES

4. At all times material hereto, Plaintiff, HAWLEY, was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff, HAWLEY, was an "employee" of Defendant.

6. At all times material hereto, Defendant, COMPSON, was and continues to be a Florida profit corporation, with its principal place of business in Boca Raton, engaged in business in Palm Beach County, Florida and with offices located at 36 SE 3rd Street, Boca Raton, Florida 33432.

7. At all times material hereto, Plaintiff, HAWLEY, was an "employee[s]" within the meaning of the FLSA.

8. At all times material hereto, Defendant, KLEPPER, was and continues to be a resident of Palm Beach County, Florida.

9. At all times material hereto, Defendant, D'ANGELO, was and continues to be a resident of Palm Beach County, Florida.

10. At all times material hereto, Defendant, COMPSON, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, Defendant, KLEPPER, as Plaintiff's employer, was responsible in whole for Plaintiff's compensation and/or made the decision not to pay Plaintiff for all

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

of the work performed.

12. At all times material hereto, Defendant, D'ANGELO, as Plaintiff's employer, was responsible in whole for Plaintiff's compensation and/or made the decision not to pay Plaintiff for all of the work performed.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business of Defendants.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1) of the FLSA.

15. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

16. At all times material hereto, Defendants were the employers or former employers of Plaintiff, HAWLEY.

17. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time period(s).

18. HAWLEY, at all times material hereto, in her capacity as an coordinator/assistant and non-exempt employee for Defendants engaged in the handling and/or selling, or otherwise working on goods or materials that have been moved in or produced for such commerce is individually covered by the FLSA.

19. Plaintiff, HAWLEY, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. On September 30, 2018, HAWLEY was hired by COMPSON as a Development Coordinator/Executive Assistant.

P a g e | 3
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

21. Plaintiff was a paralegal with Defendants and performed non-exempt work.

22. Plaintiff's job duties as defined by Compson included support for two field representatives, communicating with vendors, support for tow executives/owners of the company, handle local personal errands for the executive and their wives (if requested), handle travel arrangements and itineraries, coordinate meeting and take phone calls, assist in coordinating parties and special events, maintain filing, occasional after hours support for planning purposes; support for accounting and recordkeeping.  In addition to these duties outlined by Compson, Plaintiff also performed notary duties, prepared retail leases and documents, assisted architect and builder with permitting and TCO; ran errands to Fedex, the courthouse for recordings, surveyors, architects, clients homes, RPIA (the HOA); and handled housekeeping and receptionist duties.

23. HAWLEY left Defendants' employment on August 21, 2020.

24. HAWLEY was only paid a weekly salary, and never paid an hourly rate.

25. Defendants agreed to pay Plaintiff $65,000.00 annually which is calculated to be $1,250.00 per week ($31.25 per hour).

26. At all times material hereto, HAWLEY worked for Defendants in excess of 40 hours within a work week.  Specifically, Plaintiff worked approximately fifty (50) fifty-five (55) hours per week; often working overtime hours at the office as well as taking work home to work nights and weekends.  Defendants were aware that Plaintiff was working these overtime hours.

27. From the commencement of her employment through her last date of work with Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's calculated hourly rate for all hours worked in excess of 40 in a single work week.

### STATEMENT OF CLAIM

28. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

calculated hourly rate for those hours that Plaintiff worked in excess of forty (40) per week as required by the FLSA while she was employed by Defendants.

29. Plaintiff is entitled to **$ 44,995.20**, in overtime wages:

30. Plaintiff worked approximately 10 hours per week of overtime. Plaintiff's hourly rate is 31.25. Plaintiff's overtime hourly rate is 46.87 (31.25x1.5). Plaintiff worked for Defendants for 96 weeks. The total overtime wages due to Plaintiff are **$44.995.20.**

31. Accordingly, Plaintiff is owed a total of **$44,995.20** in overtime wages, plus an equal amount ($44,995.20) in liquidated damages.

32. Plaintiff is also owed a 3% raise for the last 22 months that she was an employee calculated to be $**1,950.00.**

33. Plaintiff is also owed retroactive pay for cell phone allowance for 18 weeks calculated to be $**1,800.00.**

34. Plaintiff is also owed reimbursement for costs for gas and running errands for the last 22 months calculated to be **$1,000.00.**

35. Defendants have violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty hours per week for the period of her employment with Defendants;

   b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's calculated hourly rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA, specifically, Defendants failed to maintain total hours worked each workday and

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

each workweek; total daily or weekly straight-time earnings; regular hourly pay rate for any week when overtime is worked; total overtime pay for the workweek; deductions from or additions to wages; total wages paid each pay period; and date of payment and pay period covered.

36. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

37. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38. All conditions precedent for the bringing of this action have either been satisfied or waived.

39. Plaintiff has retained the Law Offices of Shawn L Birken, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

40. Pursuant to Florida Statute § 448.08 and the FLSA, Plaintiff is entitled to recover attorneys' fees in addition to the amounts owed and prejudgment interest.

Wherefore, Plaintiff demands judgment against Defendants for her damages, pre and post judgment interest, costs of suit, attorneys' fees, and whatever other relief the court deems just and proper.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207**
**<u>OVERTIME COMPENSATION</u>**

Plaintiff realleges and reavers paragraphs 1 through 40 of this Complaint as if fully set forth herein.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

41. From October 2018, and continuing through to the Plaintiff's last date of employment in August 2020, Plaintiff regularly worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's calculated hourly rate.

42. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's calculated hourly rate for all hours worked in excess of forty (40) during any given work week.

43. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's calculated hourly rate of pay for the hours worked in excess of forty (40).

45. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Defendants failed to comply with the FLSA by not keeping accurate records of Hawley's hours worked.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over 40 hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

49. Plaintiff is entitled to be paid at the rate of time and one-half for the hours that she worked in excess of the maximum hours provided for in the FLSA with the premium being calculated based upon gross nondiscretionary wages.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

50. Defendants knew of and/or showed a reckless disregard for the maximum hour provisions of the FLSA as evidenced by their failure to compensate Plaintiff for overtime in the proper manner as described above.

51. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

52. All times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

 a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

 b. Awarding Plaintiff's actual damages;

 c. Awarding Plaintiff an equal amount as liquidated damages;

 d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

 e. Awarding Plaintiff pre and post judgment interest; and

 f. Ordering any other and further relief that this Court deems just and proper.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

## COUNT II
## UNPAID COMPENSATION (Defendant Compson)

Plaintiff realleges and reavers paragraphs 1 through 40 of this Complaint as if fully set forth herein.

53. Pursuant to §448.Fla.Stat., Plaintiff was promised by Defendant, COMPSON, a 3% raise for the last 22 months of her employment calculated to be $**1,950.00**.

54. Plaintiff was promised by Defendant, COMPSON, to pay for costs such as gas in the amount of $1,000.00.

55. Plaintiff was promised by Defendant, COMPSON, pay for cellphone in the amount of $1,800.00.

56. The promises were made by KLEPPER and D'ANGELO.

57. Defendant, COMPSON, breached their agreement with Plaintiff regarding her employment by failing to pay her raise and cell phone and gas.

58. Plaintiff was harmed by Defendant's, COMPSON, breach.

59. Defendant, COMPSON, owes Plaintiff $4,750.00 in unpaid wages and benefits.

**WHEREFORE**, Plaintiff respectfully requests this Court order Defendant to pay $4,750.00 in unpaid wages and benefits and fees and costs and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable by right.

**DATED** this 23rd day of October, 2020.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com

Respectfully submitted,

LAW OFFICES OF
SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Tel:     (954) 990-4459
Fax:     (954) 990-4469
Email: sbirken@birken-law.com


By:  /s/Shawn L. Birken
       SHAWN L. BIRKEN
       Florida Bar No.: 418765

P a g e | 10

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.birken-law.com